ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| CARLOS R. NEGRÓN OLIVO EN REP. DE RAMONA J. OLIVO NEGRÓN<br>Peticionario<br><br>v.<br><br>LUZ A. NEGRÓN OLIVO<br>Recurrido | KLCE202500636 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Ponce<br><br>Caso Núm. BYL1212025-06574<br><br>Sobre:<br>Ley 121 |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de junio de 2025.

Comparece el Sr. Carlos R. Negrón Olivo (peticionario) y solicita que revoquemos una *Resolución* del Tribunal de Primera Instancia, Sala Municipal de Ponce (TPI o foro primario), notificada el 12 de mayo de 2025. Mediante el referido dictamen, el foro primario ordenó el cierre y archivo del caso de epígrafe.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari*.

**I.**

Surge del expediente que, la causa de epígrafe inició, el 13 de marzo de 2025, mediante la presentación de una *Petición de Orden de Protección de Protección para el Adulto Mayor* del peticionario a favor de la Sra. Ramona J. Olivo Negrón (señora Ramona Olivo), de 95 años, en contra de la Sra. Luz A. Negrón Olivo (señora Luz Negrón (recurrida).[1] Lo antes, al amparo de la Ley Núm. 121-2019, conocida como la *Carta de Derechos y la Política Pública del Gobierno a Favor de los Adultos Mayores*, 8 LPRA secs. 1511 *et seq.*[2] En la antedicha

---

[1] Cabe señalar que en el inciso núm. 2 de la *Petición de Orden de Protección de Protección para el Adulto Mayor* donde se identifica la parte peticionada, sólo incluye referencia a la Sra. Luz A. Negrón Olivo y en el resumen de hechos en el inciso núm. 3 se hace mención del Sr. Abraham Negrón Olivo.
[2] Apéndice del Recurso, Anejo 2, págs. 6-9.

Número Identificador

RES2025_____

petición, el peticionario alegó que reside junto a su madre, la señora Ramona Olivo, y que, mientras él se encontraba hospitalizado, el 1 de marzo de 2025, la señora Ramona Olivo fue removida de su hogar con la creencia de que pasaría unos días junto a su hija, la señora Luz Negrón. Agregó que, desconocía del paradero de su madre, hasta el 8 de marzo de 2025, que logró comunicarse con ella. Añadió que, en la referida llamada, le preguntó si quería permanecer en donde estaba o si deseaba regresar a su hogar y que la señora Ramona Olivo comenzó a llorar. Alegó que, la señora Ramona Olivo ha sido recluida involuntariamente, por lo cual, solicitó obtener su custodia temporal y que le permitan a ella tomar la decisión de dónde quiere residir.

Luego de varios trámites procesales que resultan innecesarios pormenorizar, el 30 de abril de 2025, el Departamento de la Familia realizó un *Informe de Hallazgos sobre Ley 121-2019 para Vista.*[3] Celebrada la vista, el 7 de mayo de 2025, el foro primario dio por admitido el referido informe y un Poder Duradero, otorgado por la señora Ramona Olivo el día 15 de marzo de 2019, mediante la Escritura Núm. 6 a favor de su hija la Sra. Luz Adriana Negrón Olivo y su esposo el señor Abraham Negrón López.[4] Así, pues, el 6 de mayo de 2025, notificada el día 12 del mismo mes y año, el TPI dictó la *Resolución y Orden* impugnada, ordenando el cierre y archivo de la presente causa de acción por falta de jurisdicción.[5]

Inconforme, el 9 de junio de 2025, el peticionario acude ante nos y expone en su recurso los siguientes señalamientos de error:

ERRÓ EL TRIBUNAL MUNICIPAL AL DECLARARSE SIN JURISDICCIÓN Y NO ATENDER EL ASUNTO PLANTEADO AL AMPARO DE LA LEY 121-2019, ADUCIENDO QUE EXISTE UN PODER DURADERO, CUANDO EL MISMO NO

---

[3] *Íd.*, Anejo 3, págs. 10-44.
[4] *Íd.*, Anejo 4, págs. 44-54. Es menester señalar que, el foro primario también dio por admitida la Certificación: CPOD-2025-006409, emitida por la Oficina de Inspección de Notarías (ODIN), la cual acredita que el referido Poder consta inscrito en el Registro de Poderes y no ha sido impugnado ni revocado. Anejo 4, pág. 55.
[5] *Íd.*, Anejo 1, págs. 1-5.

TIENE EFECTO HASTA QUE QUIEN LO OTORGA SE INCAPACITA LEGALMENTE.

EN LA ALTERNATIVA ERRÓ EL TRIBUNAL MUNICIPAL AL NO ESCUCHAR A LA ADULTA MAYOR POR LO QUE DEBE CELEBRAR UNA VISTA EVIDENCIARIA.

Transcurrido el término concedido a la recurrida para exponer su posición no ha comparecido. Con el beneficio de la regrabación de la vista celebrada el 6 de mayo de 2025 procedemos a resolver.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de

decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari.* *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.*

### III.

En su recurso, el peticionario nos solicita que ejerzamos nuestra función discrecional para dejar sin efecto una *Resolución y Orden,* en la cual, el TPI ordenó el cierre y archivo de la causa de epígrafe. En la alternativa, nos requiere que ordenemos la celebración de una vista evidenciaria. Hemos examinado minuciosamente el recurso ante nos y determinamos no expedir el auto del *certiorari* solicitado.

Del expediente se desprende que, celebrada la vista al amparo de la Ley 121, *supra,* el TPI consideró tanto la solicitud del peticionario de cuidar a la señora Ramona Olivo, así como la voluntad de esta última de designar como sus apoderados a su esposo, el señor Abraham Negrón y a su hija, la señora Luz Negrón Olivo, aquí recurrida, mediante la Escritura Núm. 6 de *Poder Duradero.* Destacó que, el *Poder Duradero* no ha sido impugnado. También justipreció el informe correspondiente a la investigación que, realizó el Departamento de la Familia, producto de la cual salió a relucir que, la señora Ramona Olivo se encuentra voluntariamente residiendo en el Hogar Palacios por sus condiciones de salud, que allí atienden todas sus necesidades y que su vida no está en peligro. El TPI consignó, además, que, según lo expuesto en el informe del Departamento de la Familia, la señora Ramona Olivo expresó no tener reparo con las decisiones que toma su hija, la señora Luz Negrón Olivo. Fundamentado en lo anterior, el foro primario ordenó el cierre y el archivo de la causa según instada al amparo de la Ley Núm. 121-2019, *supra.* Lo antes, sin menoscabar el derecho que le

asiste al peticionario para impugnar el *Poder Duradero* ante la Sala Superior del TPI.

Cabe puntualizar que, para expedir una orden de protección al amparo del Artículo 9 de la Ley Núm. 121-2019, 8 LPRA sec. 1519, es requisito que la parte peticionaria sea un adulto mayor de sesenta (60) años o más, y que haya sido víctima de maltrato físico, mental o psicológico, hostigamiento, coacción, intimidación, daño emocional o cualquier otro delito por la parte peticionada.

Luego de una evaluación sosegada del expediente advertimos que ningún criterio jurídico justifica nuestra intervención sobre este asunto, al amparo de la Regla 40 de nuestro Reglamento, *supra*. Tampoco se desprende que, el foro primario haya incurrido en error manifiesto, prejuicio, pasión o parcialidad al determinar que, a la parte peticionaria le asiste el derecho de impugnar el *Poder Duradero* en controversia ante el foro con competencia, ya que, la Sala Municipal del TPI no ostenta la jurisdicción para atender dicho reclamo dentro de una solicitud de orden de protección al amparo de la Ley 121, *supra* en la cual tampoco se desprenden indicadores de maltrato o negligencia alguna en contra de la adulta mayor, según el informe del Departamento de Familia. En ausencia de fundamentos que nos muevan a intervenir con las facultades discrecionales y criterios del TPI, denegamos la expedición del auto de *certiorari*.

**IV.**

En mérito de lo anterior, denegamos la expedición del auto de *certiorari*, según presentado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones